UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                                          Case No. 10-30631-WRS
                                                                                                Chapter 7
ALLEGRO LAW LLC,

      Debtor

**MEMORANDUM DECISION**

      This Chapter 7 bankruptcy case came before the Court for an evidentiary hearing on the Trustee's Motion to Transfer on March 27, 2017.  (Doc. 5613).  Trustee Carly Wilkins seeks to transfer the bankruptcy case of Timothy McCallan, which is currently pending in the United States Bankruptcy Court for the Middle District of Florida, under Case No. 16-7524-CCJ, to this Court on the grounds that: (1) McCallan and the Debtor in this case are affiliates; (2)  this case was first filed; and (3) it would be in the interest of justice to transfer.  Trustee Wilkins was present in person and with counsel Steve Olen and Lucy Tufts, Timothy McCallan was present by counsel Michael A. Fritz, Sr., and Bankruptcy Administrator Teresa Jacobs was also present.  The question is whether, in the interest of justice, this Court should transfer McCallan's Chapter 7 case from a court in another district to this Court, pursuant to Rule 1014(b), Fed. R. Bankr. P.

**I.  FACTS**

      Allegro Law, LLC filed a petition in bankruptcy pursuant to Chapter 7 on March 12, 2010.  (Doc. 1).  On the same day an affiliated corporation, Allegro Financial Services, LLC, also filed a petition in bankruptcy.  (Case No. 10-30630, Doc. 1).  These cases are among the largest and most complex filed in the history of this Court.  On February 15, 2011, Trustee Wilkins[1]

---

[1] The Adversary Proceeding was filed by predecessor Trustee Daniel Hamm.  Upon Hamm's retirement, Carly Wilkins was appointed Chapter 7 Trustee.  Wilkins had been an associate of Hamm's and has been involved in these proceedings since the start.

filed an Adversary Proceeding against Defendants Timothy McCallan, Americorp, Inc., and Seton, Inc. On February 16, 2016, this Court entered judgment against McCallan in the amount of $102,949,220.72, after finding that McCallan and his affiliates siphoned off nearly every dollar paid into his fraudulent debt management and debt settlement scheme by unsuspecting victims. (11-3007, Doc. 361 & 364). The Court entered a 54-page Memorandum Decision on the same date. (11-3007, Doc. 361). The undersigned estimates that he has spent more than 1,000 hours total on this Adversary Proceedings—including lengthy discovery motions and hearings—and the two related Chapter 7 cases of Allegro Law and Allegro Financial Services. Similarly, the Trustee and her lawyers have no doubt spent thousands of hours on these related matters.

Based upon findings of fact made in Adversary Proceeding 11-3007, the Court finds here that McCallan, Allegro Law, and Allegro Financial Services are affiliates within the meaning of 11 U.S.C. § 101(2), as McCallan controlled both entities. At the March 27th hearing, McCallan conceded this fact.

In contrast to the seven years of protracted and complex litigation here, McCallan filed his Chapter 7 case in the Middle District of Florida on November 18, 2016. The Docket in that case shows only about 57 docket entries, with nothing of any apparent complexity. It is apparent that only a tiny fraction of the total proceedings have taken place in the Middle District of Florida. Moreover, given the nature of these proceedings, the complex factual setting,

McCallan's propensity to misrepresent facts and hide assets and records, it is advisable to consolidate all related proceedings in one court.

## II.  LAW

### A.  Jurisdiction/Core Proceeding

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(A).  This is a final order.

### B.  The Interest of Justice Dictates that McCallan's Case is Transferred to the Middle District of Alabama

The Trustee's motion is governed by Fed. R. Bankr. P. 1014(b), which provides in part, as follows.  "If petitions commencing cases under the Code . . . are filed in different districts, regarding, by or against . . . (4) a debtor and an affiliate, the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the cases should proceed."

As set out above, separate bankruptcy cases were filed by Allegro Law, Allegro Financial Services, and Timothy McCallan.  As the Allegro cases were both filed in this Court, and as they are the first filed, it is appropriate that the motion to transfer is filed in this Court.  As for the convenience of the parties, the Middle District of Florida is likely more convenient for McCallan, while Trustee Wilkins—by far the largest creditor of McCallan—prefers that the case is handled here in the Middle District of Alabama.  The determining factor here is the interest of justice.

"The 'interest of justice' is a flexible standard which considers whether a transfer of venue would promote timeliness, fairness, the efficient administration of the bankuptcy estates, and judicial economy." In re Raytech Corp., 222 B.R. 19, 25 (Bankr. D. Conn. 1998); see In re Dececco, 224 B.R. 202 (Bankr. M.D. Fla. 1998) (transferring case of latter filing spouse in Connecticut to first filed case in the Middle District of Florida). The burden of proof is on the moving party. Id.

The Court finds that the interest of justice is best served by a transfer of McCallan's case to the Middle District of Alabama. This Court and the Trustee in this District have invested an extraordinary amount of time in these related cases. Virtually all of McCallan's indebtedness arises out of Adversary Proceeding 11-3007, which was litigated in this Court. This Court and the Trustee have spent many hundreds of hours learning about McCallan's business practices. It is a tremendous waste to call upon the Judge and the Trustee in the Middle District of Florida to learn all of this. Based upon the testimony at the March 27th hearing and evidence heard by the Court at any number of previous hearings, witnesses and documents are scattered throughout the United States. However, much of this has now been marshaled by the Trustee here in the Middle District of Alabama.

Moreover, McCallan transferred the bulk of his business operations from Florida to Alabama in 2008 and 2009, in response to actions taken by the Florida Bar and the Florida Secretary of State, which had the effect of shutting down the bulk of McCallan's business operations. Having been run out of Florida to Alabama, one step ahead of the law, McCallan cannot now justly complain that he is forced to litigate here, as opposed to Florida. One may not

dance back and forth across state lines in an effort to frustrate creditors and yet complain about justice and convenience.

### III. CONCLUSION

As these cases are closely related, it is appropriate that they are litigated in one forum. As the Allegro cases have been pending here for seven years and have involved multiple proceedings requiring the investment of thousands of hours, the interest of justice and judicial economy mandate that the cases are handled here. The Court concludes that the Trustee has carried her burden of proof and has shown that, in the interest of justice, McCallan's bankruptcy case should be transferred to the Middle District of Alabama.

Done this 29th day of March, 2017.

*[signature]*

United States Bankruptcy Judge

c: Steve Olen, Attorney for Trustee
Lucy Tufts, Attorney for Trustee
Michael A. Fritz Sr., Attorney for Timothy McCallan
Carly B. Wilkins, Trustee